**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| BRANDON C. DABBS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-CV-146-RLW |
| | ) | |
| EILEEN RAMEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

<u>**MEMORANDUM AND ORDER OF TRANSFER**</u>

This matter is before the Court upon plaintiff Brandon C. Dabbs's submission of a civil rights complaint and a motion for leave to proceed *in forma pauperis*.  Plaintiff's motion will be provisionally granted.  In addition, the Court will transfer this case to the United States District Court for the Western District of Missouri.

**Background**

Plaintiff is presently incarcerated at the Southeast Correctional Center, but during the events giving rise to the claims in the instant complaint, he was incarcerated at the Jefferson City Correctional Center ("JCCC").  He filed the complaint pursuant to 42 U.S.C. § 1983 against the following defendants: Eileen Ramey, the warden of the JCCC; Masonda Wheatly, the Health Service Administrator at the JCCC; Dr. Earl Scott, a Corizon physician employed at the JCCC; Corizon nurses employed at the JCCC; and the Missouri Department of Corrections.

All of the events giving rise to plaintiff's claims occurred while he was incarcerated at the JCCC.  Briefly, plaintiff alleges he sought medical care for a skin condition on May 16, 2018, and was later diagnosed with scabies.  He claims the medical defendants failed to follow

the proper course of treatment, and he claims Ramey failed to address issues related to mites at the JCCC.

Plaintiff avers he "originally" filed this action in the United States District Court for the Western District of Missouri (ECF No. 1 at 8), but in fact this action was originally filed in this United States District Court. Plaintiff may be referencing a civil action he filed in the United States District Court for the Western District of Missouri on August 26, 2020 against Ramey, Scott, Wheatley, and others employed at the JCCC. *See Dabbs v. Ramey, et al.*, No. 2:20-CV-4166-SRB-P (W.D. Mo. 2020). In that case, plaintiff asserted the same or essentially the same claims related to the same 2018 skin condition as set forth in the instant complaint. On December 15, 2020, the case was dismissed without prejudice for failure to state a claim upon which relief may be granted.

### Discussion

Under 28 U.S.C. § 1391(b), this type of action may be brought in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

Here, all of the events or omissions giving rise to plaintiff's claims occurred at the JCCC, which is located in the Western District of Missouri. *See* 28 U.S.C. § 105(b)(4). Also, plaintiff has named as defendants the JCCC warden and persons employed at the JCCC. Therefore, the Court concludes that venue is proper in the Western District of Missouri. Under 28 U.S.C.

§ 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  Here, the Court concludes it is in the interest of justice to transfer this case to the United States District Court for the Western District of Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **PROVISIONALLY GRANTED**, subject to modification by the United States District Court for the Western District of Missouri.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **TRANSFER** this case to the United States District Court for the Western District of Missouri.

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 1st day of November, 2022.

3